UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
                  In the Matter of
                  ARBITRATION OF DISPUTES

                      between

LAUNDRY, DRY CLEANING WORKERS AND            07-CV-3542
ALLIED INDUSTRIES HEALTH FUND, UNITE         (CPS)(JO)
HERE! and LAUNDRY, DRY CLEANING WORKERS
AND ALLIED INDUSTRIES RETIREMENT FUND,
UNITED HERE!

                            Petitioners,

                                             MEMORANDUM OPINION
          - against -                        AND ORDER

STAINLESS PARTNERS, INC. D/B/A WORLD
CLEANERS,

                            Respondent.

----------------------------------------X

----------------------------------------X
                  In the Matter of
                  ARBITRATION OF DISPUTES

                      between

LAUNDRY, DRY CLEANING WORKERS AND            07-CV-3545
ALLIED INDUSTRIES HEALTH FUND, UNITE         (CPS)(RML)
HERE! and LAUNDRY, DRY CLEANING WORKERS
AND ALLIED INDUSTRIES RETIREMENT FUND,
UNITED HERE!
                            Petitioners,

                                             MEMORANDUM OPINION
                                             AND ORDER

          - against -

JUNG SUNG LAUNDRY CORP.,

                            Respondent.

----------------------------------------X

SIFTON, Senior Judge.

       On August 21, 2007, petitioners Laundry, Dry Cleaning

Workers and Allied Industries Health Fund, UNITE HERE! and
Laundry, Dry Cleaning Workers and Allied Industries Retirement
Fund, UNITE HERE! ("Petitioners" or "Funds") filed petitions (the
"Petitions") against, separately, respondents Stainless Partners,
Inc. d/b/a/ World Cleaners (07-CV-3542) and Jung Sun Laundry
Corporation (07-CV-3545) ("Respondents"), seeking confirmation of
arbitration awards made against each Respondent on July 31, 2007
("Arbitration Awards").  On October 23, 2007, Petitioners moved
for default judgment on the Petitions against each Respondent.
Now before this court are the Petitions and Petitioners' motions
for default judgment.  For the reasons set forth below, the
Arbitration Awards are confirmed and the motions for default
judgment are denied.

## Background

Petitioners are employee benefit plans within the meaning
of Section 3(3) of the Employee Retirement Income Security Act of
1974, as amended ("ERISA"), 29 U.S.C. § 1002(3).[1]  The Funds were
established pursuant to an Agreement and Declaration of Trust and
by a Collective Bargaining Agreement entered into between
Laundry, Dry Cleaning and Allied Workers Joint Board, UNITE HERE
("Union"), and employers engaged in the cleaning and dyeing
industry.  The Funds were created to provide benefits to eligible

---

[1] "The term 'employee benefit plan' or 'plan' means an employee welfare
benefit plan or an employee pension benefit plan or a plan which is both an
employee welfare benefit plan and an employee pension benefit plan.  29 U.S.C.
§ 1002(3).

employees of contributing employers.

Both Respondents are parties to a Collective Bargaining Agreement and Supplemental Agreement ("CBA") with the Union. The CBA requires each Respondent to contribute to the Funds, based upon stated percentages of its gross payroll and to submit to the Funds premiums on behalf of eligible spouses of employees covered by the CBA.

The Funds allege that Respondent Stainless Partners, Inc. owes contributions to the Funds for the period from June 30, 2007, through July 27, 2007, in the amount of $4,591.58. The Funds allege that Respondent Jung Sun Laundry Corporation owes contributions to the Funds for the period from June 30, 2007 through July 27, 2007, in the amount of $30,239.79. The Funds also allege that Respondent Jung Sun Laundry Corporation owes premiums owed on behalf of eligible spouses of covered employees for the period from March 31, 2006 through June 30, 2007, in the amount of $3,250.00. Pursuant to the CBA, these disputes were referred to arbitration. Prior to arbitration, Petitioners served on Respondents subpoenas directing them to produce their payroll records. Neither Respondent did so.

Separate arbitration hearings were held concerning the disputes with each Respondent on July 31, 2007. Respondents did not appear. At these hearings, Petitioners presented the following evidence:

a.   The provisions of the CBA obligating Respondents to make employee benefit contributions to Petitioners, obligating Respondents to produce books and records, and obligating the parties to arbitrate disputes, including disputes over delinquent employee benefit fund contributions;

b.   The notices of the arbitration hearings, which were served on Respondents on July 11, 2007;[2]

c.   The subpoenas served on Respondents on July 11, 2007, requesting Respondents to produce all books and records necessary to compute the exact sum owing to Petitioners by Respondents;

d.   Summaries of the delinquent contributions sought in the arbitration, which stated the payroll for the period of delinquency, the contribution rate and the calculation of the delinquent contributions due, interest, liquidated damages, Auditor's fees and costs and legal fees thereon.

Having heard this evidence, and after consideration, the

arbitrator made the following awards, directing:

1) Respondent Stainless Partners, Inc. to pay the delinquent contributions in the amount of $4,951.58, plus, based on the Funds' Plan Rules and ERISA Section 502(g)(2)[3], interest in the sum of $42.09, liquidated damages in the sum of $990.32, Auditor's fees and costs in the sum of $32.00 and legal fees in the sum of $100.00, for a total award of $6,115.99.

2) Respondent Jung Sun Laundry Corporation to pay the delinquent contributions in the amount of $30,239.79, plus, based on the Funds' Plan Rules and ERISA Section 502(g)(2), interest thereon in the sum of $257.04, liquidated damages in the sum of $6,047.96, premiums

---

[2]   Pursuant to the agreements, the parties consented to service by certified mail for any papers, notices or process, including subpoenas, necessary or appropriate to initiate or continue an arbitration or to enforce or confirm an award.  All service in this case has been made by certified mail.

[3]   The relevant text of Section 502(g)(2) is provided in the discussion on Costs and Interest, *infra*.

> owed to the Funds in the amount of $3,250.00 plus
> interest in the sum of $364.99, Auditor's fees and
> costs in the $32.00, and legal fees in the sum of
> $100.00 for a total award of $40,291.78;

On August 6, 2007, Petitioners served on each Respondent a copy

of the respective Arbitration Award by certified mail return

receipt requested and regular mail.  To date, neither Respondent

has satisfied any portion of the awards.  On August 21, 2007,

Petitioners filed their Petitions to confirm the Arbitration

Awards.

This court issued Orders to Show Cause on September 20,

2007, which were served on Respondents by Petitioners on

September 21, 2007, directing Respondents to file any papers in

opposition to the Petitions by October 3, 2007.  Neither

Respondent filed any opposition.  On October 23, 2007,

Petitioners filed motions for default judgment against each

Respondent.

## Discussion

"[D]efault judgments in confirmation/vacatur proceedings are

generally inappropriate."  *D.H. Blair & Co., Inc. v. Gottdiener*,

462 F.3d 95, 109 (2d Cir. 2006).  Instead, a petition to confirm

should be "treated as akin to a motion for summary judgment based

on the movant's submissions," and where the non-movant has failed

to respond, the court "may not grant the motion without first

examining the moving party's submission to determine if it has

met its burden of demonstrating that no material issue of fact

remains for trial." *Id.* at 109-10 (citation omitted).  Thus, I address the merits of the Petitions.

"A motion to confirm . . . an award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself, that may resolve many of the merits or at least command judicial deference."  *Id.* at 109. "The petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions" and where the non-movant has failed to respond, a "court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* (citation omitted).  "Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court and the court must grant the award unless the award is vacated, modified or corrected."  *Id.* at 110 (citations and internal quotation marks omitted).

Petitioners have submitted the arbitrator's decisions in the disputes and the relevant Funds' Plan Rules which provide for arbitration, as well interest, liquidated damages, attorney's fees, audit fees, and costs in the case of delinquency.  Further, as exhibits to their motions for default judgment, they have submitted the CBA.  The arbitrator's decisions make clear that he

reviewed the CBA, the summaries of the delinquent contributions,
the notices of intention to arbitrate, and the July 31, 2007
subpoenas.  The arbitrator found that Respondents had entered
into agreements with Petitioners to regularly make contributions
to the Funds and that the CBA included a provision requiring
Respondents to furnish to Petitioners information and reports
upon request.  The arbitrator determined that Respondents failed
to make the payments at issue in the Petitions and, based on the
Funds' Plan Rules, awarded interest, liquidated damages,
attorney's fees, audit fees, and costs, as detailed *supra*, in
addition to the delinquent payments.  There is no indication that
the arbitration decision was made arbitrarily, exceeded the
arbitrator's jurisdiction, or otherwise was contrary to law.

I have reviewed the applicable agreements as well, which
were attached to the motions for default judgment.  The
agreements expressly state that the parties agreed to submit all
disputes to binding arbitration and provide that Respondents were
to pay to the Funds the contributions Petitioners seek.  I thus
find that Petitioners have met their burden and demonstrated that
there are no material questions of fact.  Neither Respondent has
submitted any opposition, though they were directed to do so by
October 3, 2007.  Accordingly, the Arbitration Awards are
confirmed.

*Costs and Interest*

Petitioners also seek costs[4] incurred in connection with the confirmation proceeding, as well as interest on the delinquent contributions from the date of the Arbitration Awards through the date of judgment, pursuant to ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2). Section 1132(g)(2) provides, in relevant part:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145[5] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan–
>
> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of--
> (i) interest on the unpaid contributions, or
> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and

---

[4] The Petitions do not request attorney's fees, but such a request is made in the supporting memoranda of law. In the Second Circuit "any attorney . . . who applies for court-ordered compensation . . . must document the application with contemporaneous time records." These records should specify, for each attorney, the date, the hours expended and the nature of the work. *New York State Ass'n for Retarded Children, Inc., v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Petitioners have failed to submit any such information. Thus, even if I were to treat the requests in the memoranda of law as proper, plaintiffs have not met their burden. Petitioners may renew their requests for attorney's fees upon a proper showing.

[5] 29 U.S.C. § 1145 provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

As discussed *supra*, the Funds are multiemployer plans within the meaning of ERISA and the CBA obligates employers to make contributions to the Funds.

(E) such other legal or equitable relief as the court
deems appropriate.
For purposes of this paragraph, interest on unpaid
contributions shall be determined by using the rate
provided under the plan . . .

Courts routinely make awards pursuant to Section 502(g)(2) in

confirmation proceedings.  *See Laundry, Dry Cleaning Workers and*

*Allied Industries Health and Retirement Funds v. Wing Gong*

*Laundry, Inc.*, 2007 WL 2363478 (S.D.N.Y. Aug. 16, 2007); *New York*

*Dist. Council of Carpenter's Pension Fund v. American Woodcraft*,

Inc., 2003 WL 22012230 (S.D.N.Y. Aug. 1, 2003);  *Trustees of*

*Amalgamated Ins. Fund v. S&S Tailoring*, 2002 WL 44129 (S.D.N.Y.

Jan. 14, 2002).  Thus, costs are appropriately awarded in each of

the actions for the amount of the filing fee, $350.00.

Petitioners further request that the court award interest at

the rate of 18%, pursuant to the Funds' Plans Rules and 29 U.S.C.

§ 1132(g)(2), on the delinquent contributions from the date of

the Arbitration Awards to the date of judgment.  Respondents have

not objected to an award of interest or the rate.  As 18% is the

rate provided for by the terms of the Funds, the request is

therefore granted.  *See Wing Gong*, 2007 WL 2363478, at *2 (citing

*Amalgamated Ins. Fund v. Alteration Co., Inc.*, 1989 WL 111066, at

*2-3 (S.D.N.Y. Sept. 18, 1989) (granting interest on an

arbitration award at the rate specified in the plan rules for the

fund)).  In Stainless Partners, Petitioners have calculated

interest at 18% on $4,951.58 from August 1, 2007 through October

22, 2007, the date prior to the filing of the Motions for Default

Judgment, to be $224.65.  In Jung Sun Laundry Corporation,

Petitioner's have calculated interest at 18% on $33,489.79 from

August 1, 2007 through October 22, 2007 to be $1,370.78.  Thus, I

grant interest on the Arbitration Award in the amount of $224.65,

and against Jung Sun Laundry Corporation, I grant interest on the

Arbitration Award in the amount of $1,370.78.

### Conclusion

For the reasons set forth above, the Arbitration Awards are

confirmed.  The motions for default judgment are denied.  The

Clerk is directed to transmit a copy of the within to all parties

and the assigned Magistrate Judges and to enter judgment[6] for the

Petitioners, in the amount of $6,690.64 against Stainless

Partners, Inc., d/b/a/ as World Cleaners (07-CV-3542) and

$42,012.56 against Jung Sun Laundry, Inc. (07-CV-3545).

SO ORDERED.

Dated :    Brooklyn, New York
           October 31, 2007

                      By: /s/ Charles P. Sifton (electronically signed)
                          United States District Judge

---

[6]  The entry of judgment shall be stayed pending the filing by
plaintiffs of a declaration averring that the applicable agreements were
automatically renewed, pursuant to their terms, as defendants gave no notice
that they wished to propose changes to the agreements or to terminate them,
and accordingly remained in effect for the time period relevant to this case.